

**C-1459-19-I**
**398TH DISTRICT COURT, HIDALGO COUNTY, TEXAS**

**CITATION**
**THE STATE OF TEXAS**

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**DOLGENCORP OF TEXAS, INC**
**REGISTERED AGENT: CORPORATION SERVICE COMPANY D/B/A/ CSC**
**211 EAST 7TH ST, SUITE 620**
**AUSTIN, TEXAS 78701-3218**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable L. "Keno" Vasquez, 398th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 29th day of March, 2019 and a copy of same accompanies this citation. The file number and style of said suit being C-1459-19-I, **ROSA BARRON VS. DOLGENCORP OF TEXAS, INC.**

Said Petition was filed in said court by Attorney MICHAEL J. CISNEROS, 312 LINBERG, MCALLEN, TX 78501.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 2nd day of April, 2019.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

_____
**LETICIA CANTU, DEPUTY CLERK**

C-1459-19-I
OFFICER'S RETURN

Came to hand on _____ of _____, 201___ at _____ o'clock ____.m. and executed in __Travis__ County, Texas by delivering to each of the within named Defendant ~~in person~~, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

c/o

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
| Corp. Svc. Co. | 4-3-19 | | |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:   serving ... copy(s) $_____
        miles ...............$_____

_____
DEPUTY

**COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT**

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____, 201___.

_____
**Declarant"**

_____
**If Certified by the Supreme Court of Texas
Date of Expiration / PSC Number**

Electronically Filed
3/29/2019 4:23 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

CAUSE NO.: **C-1459-19-I**

| | | |
|---|---|---|
| ROSA BARRON | § | IN THE _____ JUDICIAL DISTRICT |
| | § | |
| VS. | § | COURT OF |
| | § | |
| DOLGENCORP OF TEXAS, INC. | § | HIDALGO COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES ROSA BARRON, hereinafter referred to as Plaintiff, and files this, her Original Petition against DOLGENCORP OF TEXAS, INC., hereinafter referred to as Defendant, and for cause of action will show the Court the following:

### DISCOVERY CONTROL PLAN - BY RULE (LEVEL 3)

1. Plaintiff intends to conduct discovery under Level 3 as provided by Rule 190 of the Texas Rules of Civil Procedure.

### CLAIM FOR RELIEF

2. Plaintiff is seeking monetary relief from Defendant in the maximum amount of $75,000.00.

### PARTIES

3. Plaintiff Rosa Barron is an individual who resides in Edinburg, Hidalgo County, Texas.

4. Defendant Dolgencorp of Texas, Inc. is a corporation from Texas that may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

Electronically Filed
3/29/2019 4:23 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-1459-19-I**

## VENUE AND JURISDICTION

5. The incident described hereinbelow or events giving rise to Plaintiff's claim against Defendant arose in McAllen, Hidalgo County, Texas. Venue for this cause of action therefore lies in Hidalgo County, Texas.

6. The amount of damages that Plaintiff is seeking from Defendant is within the jurisdictional limits of the Court. This Court therefore has jurisdiction of this cause of action.

## FACTS

7. On October 10, 2017, at approximately 11:15 a.m., Plaintiff was shopping at Defendant's Dollar General store located at 7900 North 23rd Street in McAllen, Hidalgo County, Texas. As Plaintiff was walking in the aisle where shampoo was stocked, Plaintiff slipped, fell to the floor, and suffered injuries and damages. Liquid shampoo was on the floor and it caused Plaintiff to slip, fall, and suffer injuries and damages. The shampoo had been on the floor for a long period of time before it caused Plaintiff to slip and fall. Defendant's employees had ample time to discover the shampoo on the floor, warn Plaintiff of the danger posed by the wet and slippery floor, and remove the shampoo from the floor before Plaintiff slipped and fell, but failed to do so.

## CAUSE OF ACTION BASED ON
## PREMISES LIABILITY LAW AND PROXIMATE CAUSE

8. At all time material to the incident described hereinabove and this case, Defendant were negligent under premises liability law in that: A. Plaintiff was a business invitee, B. Defendant owned, possessed, and/or controlled the premises where the incident described hereinabove occurred, C. A condition on the premises, the shampoo on the floor and/or the wet and slippery floor, as described in the preceding paragraph, posed an unreasonable risk of harm, D. Defendant knew or reasonably should have known of the danger posed by the condition, and E. Defendant breached its duty of ordinary care by failing to adequately warn Plaintiff of the condition and failing to make the condition reasonably safe. This negligence by

2

Case 7:19-cv-00143 Document 1-2 Filed on 04/29/19 in TXSD Page 5 of 7
Electronically Filed
3/29/2019 4:23 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-1459-19-I**

Defendant was the sole proximate cause or a proximate cause of the incident described hereinabove and of the injuries and damages suffered by Plaintiff, as set out hereinbelow.

## DAMAGES

9. As a proximate cause of the negligence of Defendant in causing the incident described hereinabove, Plaintiff suffered injuries, suffered physical pain and mental anguish in the past, will suffer physical pain and mental anguish in the future, suffered physical impairment in the past, will suffer physical impairment in the future, suffered physical disfigurement in the past, will suffer physical disfigurement in the future, lost wages in the past, incurred medical expenses in the past, and will incur medical expenses in the future. Plaintiff is seeking monetary relief from Defendant the maximum amount of $75,000.00, as compensation for her damages.

## VICARIOUS LIABILITY

10. At all time material to the incident described hereinabove and this case, Defendant's employees acted within the course, scope, and authority of their employment and/or agency relationship with Defendant. Defendant should therefore be held vicariously liable to Plaintiff for all of Plaintiff's damages alleged herein.

## PREJUDGMENT AND POSTJUDGMENT INTEREST

11. Plaintiff further sues Defendant herein for prejudgment interest at the maximum rate allowed by law on those damages where such interest may be assessed and for postjudgment interest at the maximum rate allowed by law on all of Plaintiff's damages from the date of judgment until the judgment is paid in full.

## REQUEST FOR JURY AND JURY FEE

12. Plaintiff requests that the above-styled and numbered cause be tried to a jury and represents to the Court that the proper jury fee has been paid to the Clerk of this Court with the filing of Plaintiff's Original Petition.

Electronically Filed
3/29/2019 4:23 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final hearing, she have judgment against Defendant for all of her damages hereinabove alleged, for prejudgment and postjudgment interest, and for any and all other relief, both general and special, in law and in equity, and for all costs of Court in her behalf expended.

Respectfully Submitted,

THE CISNEROS LAW FIRM, L.L.P.
312 Lindberg
McAllen, Texas 78501
Telephone No. (956) 682-1883
Fax No. (956) 682-0132
Email: email@cisneroslawfirm.com

_____
MICHAEL J. CISNEROS
State Bar No. 00793509
ARTURO CISNEROS
State Bar No. 00789224
Attorneys for Plaintiff

4



Joe M. Moreno
2134 Van Tassel Cir
Edinburg, TX 78539-6052

7018 0360 0001 7104 8426



U.S. POSTAGE PAID
FCM LETTER
EDINBURG, TX
78539
APR 03, 19
AMOUNT

$7.00

R2304M110715-04



1000    78701

DOLBENCORP OF TEXAS, INC
c/o Corp. Service Co.
211 E. 7th St./Ste. 620
Austin, TX 78701

78701+3218